# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ELLISON ROBERT BURNS, SR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL ) <br> LONGSHOREMEN ASSOCIATION, ) <br> *Local 1414*; INTERNATIONAL ) <br> LONGSHOREMEN ASSOCIATION; ) <br> and PASCHAL W. BIGNAULT, ) <br> *Attorney for I.L.A. Local 1414*, ) <br> ) <br>     Defendants. ) | Case No. CV408-160 |

## **REPORT AND RECOMMENDATION**

Ellison Robert Burns, proceeding *pro se*, has filed a complaint against defendants under the Fair Labor Standards Act. (Doc. 1.) He seeks leave to proceed without prepayment of a filing fee. (Doc. 2.) As he is indigent, his application to proceed *in forma pauperis* is **GRANTED**. But, for the reasons that follow, plaintiff's complaint should be **DISMISSED** for failure to state a claim for relief.

The right to proceed *in forma pauperis* in litigation in federal

district courts is provided for by statute. See 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. *In forma pauperis* status, rather, is a privilege which may be denied when abused. The *in forma pauperis* statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss such cases *sua sponte* "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Here, Burns styles his claim as arising under the Fair Labor Standards Act. (Doc. 1 Attach. 1.) He contends that his union, the International Longshoreman Association, assigns jobs to "work permit/casual card" section members like himself using "discriminatory

and unlawful motives and evasive tactics to avoid and deny justice." (Doc. 1 at 3.) He avers that the union's attorney, Mr. Paschal W. Bignault, upholds the union's "discriminatory and unlawful motives and evasive tactics." (Id. at 4.) Specifically, he states that Bignault "has forgotten that he represents . . . [the] work permit/casual card holders," and he "refuse[s] to help better [the] work availability and conditions of employment." (Id.) As relief, he asks the Court to place the union's work permit/casual card section in trusteeship to correct these unfair labor practices, to issue an order compelling the union to create a seniority system for casual card holders, and to place all of the union's assets, bank accounts, and property in a trusteeship. (Id.) In addition, he seeks $77.7 million dollars in monetary damages, asks the Court to grant him letter card seniority in the M-card section, and requests back pay, front pay, a promotion, reasonable accommodation, court costs, attorneys fees, expert witnesses, benefits, and other relief. (Id. at 5.)

Burns alleges no facts in support of his claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is

3

entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although Burns asserts that the union and Mr. Bignault operate with "discriminatory and unlawful motives and evasive tactics," he has not developed his contentions. Without any factual basis, his conclusory claims fail as a matter of law. See Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1270-71 (11th Cir. 2004) (noting that prior Supreme Court precedent "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based."). His claim also has no legal basis. The Fair Labor Standards Act only addresses wage and hour laws; it set the federal minimum wage and decreed a forty hour work week. 29 U.S.C. §§ 201-219. Burns does not allege that he has been paid less than minimum wage or forced to work overtime without receiving time-and-a-half pay. In addition, any action under the Act would likely have to be made against an employer, rather than an employee's union. 29 U.S.C. §§ 206, 207.

As Burns has not stated a claim for relief, his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 25th day of August, 2008.

*/s/ G.R. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**